

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

NO. 4:23-CR-025-O

EDUARDO PINEDA CASTANEDA     (01)

## PLEA AGREEMENT
### (With Appellate-Rights Waiver)

Eduardo Pineda Castaneda, the defendant, Andrea Guisela Aldana, the defendant's

attorney, and the United States of America (the government) agree as follows:

1.     **Rights of the defendant**:  The defendant understands that the defendant

has the rights:

> a.     to plead not guilty;
>
> b.     to have a trial by jury;
>
> c.     to have the defendant's guilt proven beyond a reasonable doubt;
>
> d.     to confront and cross-examine witnesses and to call witnesses in the
>        defendant's defense; and
>
> e.     against compelled self-incrimination.

2.     **Waiver of rights and plea of guilty**:  The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the Information, charging a

violation of 18 U.S.C. § 924(a)(1)(A), false statement to a licensed firearm dealer.  The

defendant understands the nature and elements of the crime to which the defendant is

pleading guilty and agrees that the factual resume the defendant has signed is true and

will be submitted as evidence.

3.   **Sentence**:  The maximum penalties the Court can impose include:

    a.    imprisonment not to exceed five years;

    b.    a fine not to exceed $1,000,000, or both a fine and imprisonment;

    c.    a supervised-release term not to exceed three, which would follow any imprisonment term.  If the defendant violates any of the supervised-release conditions, the court could revoke the defendant's supervised release and order the defendant serve additional prison time;

    d.    a $100 mandatory special assessment; and

    e.    forfeiture of property.

4.   **Immigration consequences**:  If the defendant is not a citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status.  Under federal law, a broad range of crimes are removable offenses.  The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.     **Court's sentencing discretion and role of the Guidelines**:  The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court but are advisory only.   The defendant has reviewed the guidelines with the defendant's attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  The defendant will not be allowed to withdraw the defendant's guilty plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.     **Mandatory special assessment**:  The defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

7.     **Defendant's agreement**:  The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction.  The defendant is on pretrial release under conditions imposed by the Court, and the defendant shall continue to abide by those pretrial-release conditions as part of this agreement.  Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution.  The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant fully understands that any financial

obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.    **Forfeiture of property**: To the extent the defendant has any interest in any property, cash, funds, firearms, ammunition, or any firearm accessory (collectively referred to as forfeitable property) seized by the federal government in connection with the offense in Count One of the Information or in connection with any offense considered relevant conduct to the offense alleged in Count One of the Information, the defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any forfeitable property pursuant to the defendant's guilty plea to Count One in the Information and any offense considered relevant conduct under 18 U.S.C. § 924(d), 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c). The defendant consents to entry of any orders or declarations of forfeiture regarding such forfeitable property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the

government to forfeit such forfeitable property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such forfeitable property.

9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of this agreement and free to prosecute the defendant for all offenses of which it has knowledge, including any offenses the government has agreed to forgo or dismiss as part of this agreement. The defendant is currently on pretrial release with conditions imposed by the Court. The defendant understands that the defendant must abide by the pretrial-release conditions the Court imposed and any violations of the pretrial-release conditions by the defendant after the date of this agreement is also a violation of this plea agreement, and the government will be free from any obligations of this agreement and free to prosecute the defendant for all offenses of which it has knowledge, including any offenses the government has agreed to forgo or dismiss as part of this agreement. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for

any reason other than a finding that it was involuntary, the defendant also waives

objection to the use against the defendant of any information or statements the defendant

has provided to the government, and any resulting leads.

11.     **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is

not the result of force or threats, or of promises apart from those set forth in this plea

agreement.  There have been no guarantees or promises from anyone as to what sentence

the Court will impose.

12.     **Waiver of right to appeal or otherwise challenge sentence**:  The

defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. §

3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an

amount to be determined by the district court.  The defendant further waives the

defendant's right to contest the conviction, sentence, fine and order of restitution or

forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255.  The defendant, however, reserves the rights (a) to bring a direct appeal

of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error

at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this

waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.     **Representation of counsel**:  The defendant has thoroughly reviewed all

legal and factual aspects of this case with the defendant's attorney and is fully satisfied

with that attorney's legal representation.  The defendant has received from the

defendant's attorney explanations satisfactory to the defendant concerning each

paragraph of this plea agreement, each of the defendant's rights affected by this

agreement, and the alternatives available to the defendant other than entering into this agreement.  Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14.   **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.  This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 27 day of January, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY


FRANK L. GATTO
Assistant United States Attorney
Texas State Bar No. 24062396
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Tel:  817-252-5213
Fax:  817-252-5455
Email: frank.gatto@usdoj.gov


ALEX LEWIS
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_Eduardo Pineda Castaneda_     _1/27/2023_
EDUARDO PINEDA CASTANEDA     Date
Defendant

I am the defendant's attorney.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_[signature]_     _1/27/2023_
ANDREA GUISELA ALDANA     Date
Attorney for Defendant

Plea Agreement—Page 8